IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 17-208-2 |
| SIDNEY CORNISH | : | |
| | : | |

**McHUGH, J.**                                                                                 November 23, 2020

## MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582. Petitioner Sidney Cornish pleaded guilty to conspiracy to distribute heroin and crack cocaine, as well as distribution of heroin, including distribution within a protected zone. With an offense level of 34 and a criminal history Category of VI based on prior drug offenses, he faced a guideline range of 262 to 327.

The parties recommended, and the Court accepted, a sentence that reflected a substantial downward variance – 135 months. Mr. Cornish has served slightly less than half of that sentence. He now seeks early release because of the COVID pandemic based upon his suffering from epilepsy. In a supplemental filing, Mr. Cornish also noted that his wife tested positive for the virus, but aside from that, he has not supplied any additional detail.

Having reviewed the record, including detailed medical records supplied by the Government (ECF 435), the motion will be denied.

1

The statute requires "extraordinary and compelling reasons" in order to grant release. §3582 (c)(1)(A) (i). I cannot say that Mr. Cornish's medical condition is one that rises to that level. He is 31 years of age, and except for his seizure disorder is otherwise in good health. He is prescribed medication for his epilepsy, and the medical records reflect that when he is compliant with the treatment regime his seizures are well-controlled. The last documented seizure was June 7, 2019.

The Centers for Disease Control (CDC) publishes a list of high-risk favors for COIVD-19, and epilepsy is not among them.[1] Based on the available scientific evidence, according to the CDC, the most that can be said is that some neurologic condition, including epilepsy, "might" pose an increased risk.

As described by The Epilepsy Foundation of America, epilepsy is a neurological disorder that is really a "family" of many different disorders that lead to seizures. https://www.epilepsy.com/learn/covid-19-and-epilepsy, Some who suffer from epilepsy have easily controlled seizures, encounter no other health problems, and avoid seizures through medications. That appears to be the case with Mr. Cornish. Based upon the available data, the Epilepsy Foundation has concluded that by itself, epilepsy (1) does *not* increase the risk of getting COVID-19; and (2) does not increase the severity of COVID-19. *Id.*

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Importantly, there is no evidence that people with epilepsy invariably have a weakened immune system. *Id.* Those with epilepsy are not considered "immunocompromised" and an "immune deficiency" does not result from seizures. *Id.* Nonetheless, depending upon the type of epilepsy, or cause of epilepsy, an individual may have other factors affecting their immune system. *Id.* There is no evidence of that here.

At least three other district courts considering this issue have concluded that epilepsy is not a condition warranting release. *See United States v. Wragg,* 2020 WL 4015204, at *8 (E.D. Pa. July 16, 2020) (Slomsky, J.) *United States v. Busby,* 2020 WL 3883652 (D. Nev. July 8, 2020) *United States v. Voychak*, 2020 WL 1700088 (S.D.N.Y. Apr. 7, 2020) (addressing clonic seizures.) . I have closely considered the one decision to the contrary, *United States v. Bandrow,* 2020 WL 4050242 (E.D. Mich. July 20, 2020), but having reviewed the underlying medical literature which it cites, I am not persuaded to follow it, particularly in light of the position taken by the Epilepsy Foundation, whose scientific and medical advisory boards bring impressive expertise to its work. I note as well that the petitioner in *Bandrow* suffered from a constellation of medical conditions, at least one of which prison officials failed to treat successfully.

A further consideration is application of the factors in 18 U.S.C. §

3553(a).  Defendant participated in a conspiracy to distribute substantial amounts of heroin and cocaine for approximately one year. His prior history reflects a willingness to engage in drug dealing without regard to the harm it spreads through the community.  Indeed, the Government made a strong argument that he would qualify as a career offender, even though the negotiated sentence did not reflect such a determination.

    For all these reasons, the motion will be denied.

                                            /s/   Gerald Austin McHugh
                                            United States District Judge